

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2008

# Davis v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Davis v. USA" (2008). *2008 Decisions.* Paper 1705.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1705

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2187
_____

EMERSON DAVIS,
                                    Appellant

v.

UNITED STATES OF AMERICA; R. MATLACK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-1582)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2008

Before: AMBRO, FUENTES and FISHER, Circuit Judges

(Opinion filed:  January 28, 2008)
_____

OPINION
_____

PER CURIAM

    Emerson Davis appeals the District Court's order granting appellees' motion for

summary judgment.  The procedural history of this case and the details of Davis's claims

are well known to the parties, set forth in the District Court's thorough opinion, and need

not be discussed at length. Davis filed a complaint alleging that appellees provided him with inadequate medical care for a stomach condition and for his back pain and transferred him to a prison far from his wife and children in retaliation for filing the lawsuit. The District Court dismissed Davis's claim regarding his stomach condition as untimely filed and subsequently granted summary judgment for the appellees on Davis's remaining claims. Davis filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

In his brief, Davis does not challenge the District Court's dismissal of his claim regarding the medical care he received for his stomach problems. For the reasons given by the District Court, we agree that appellees were entitled to summary judgment on Davis's claim of a retaliatory transfer. Davis does not dispute the District Court's description of the medical treatment he has received for his back pain.

In December 1998, Davis was provided a back brace at his request. Six months

2

later, in June 1999, Davis complained of pain, and x-rays were ordered. In July 1999 and February 2000, Davis failed to show up for the x-rays. The x-rays were performed in March 2000 and showed no evidence of destructive bone disease. An orthopedic surgeon evaluated Davis in May and July 2000, recommended conservative care, and concluded that no further work-up was needed. In December 2001, Davis was again evaluated by the orthopedic surgeon who ordered an MRI which was performed in January 2002.

Appellees concede that x-rays and MRIs have shown degenerative joint disease and mild disc herniations but note that the orthopedic surgeon has not recommended surgery, physical therapy or chiropractic treatment. Davis argues that MRIs from January 2002 and June 2003 show that his back condition has worsened due to a lack of therapy and surgery. However, the doctor reading the 2002 MRI did not attribute Davis's condition to any lack of therapy or treatment. The report with respect to the June 2003 MRI contained no discussion of the causes of his condition or any suggested treatment.

Pursuant to Federal Rule of Evidence 706, a District Court "may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Courts have held that, under Rule 706(b), a District Court can apportion costs of an expert witness, and that authority extends to excusing indigent parties from paying their share of the costs. See Ledford v. Sullivan, 105 F.3d 354, 360-61 (7th Cir. 1997); McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.), vacated and remanded on other grounds, 502 U.S. 903 (1991); Webster v. Sowders, 846 F.2d

3

1032, 1038 (6th Cir. 1988); Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). But cf.

Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (finding no statutory authority

or legislative provision for court payment of an expert witness). In his opposition to

appellees' motion for summary judgment, Davis argued that expert testimony was

required to support his claim.

> Davis argues that he is indigent, without funds to pay for any expert, has no knowledge of the law, is compelled to proceed pro se without appointed counsel, and is in want of counsel, to produce expert medical opinion addressing the elements of his [construed] cause of action within a reasonable degree of medical certainty, he will fail to establish a prima facie case and may not proceed to trial.

Opp. at 20 (brackets in original). The District Court did not consider whether to appoint

an expert. After noting that Davis had not presented any expert opinion and could not

show a breach of the duty of ordinary care, the District Court granted appellees' motion

for summary judgment.

While we believe the better course of action would have been for the District

Court to explicitly consider and exercise its discretion as to whether Davis was entitled to

the appointment of an expert, we conclude that Davis has not made a sufficient showing

of negligence to warrant the appointment of an expert. Appellees arranged to have Davis

evaluated by an orthopedic surgeon on multiple occasions. The surgeon has not

recommended any surgery, physical therapy or chiropractic treatment. Accordingly, we

agree with the District Court that appellees were entitled to summary judgment on

Davis's claims. We further agree with the District Court that amendment of the

4

complaint to allege a claim of deliberate indifference would be futile.

For the above reasons, we will affirm the District Court's March 31, 2005, order.